IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY AARON BAXTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 12-1294-JDT-egb |
| ) | |
| STATE OF TENNESSEE, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

On December 21, 2012, the *pro se* prisoner Plaintiff, Timothy Aaron Baxter, who is currently incarcerated at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 concerning his prior incarceration at the Madison County Criminal Justice Complex ("CJC") in Jackson, Tennessee. (ECF No. 1.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b). (ECF No. 5.) On May 1, 2013, the Court dismissed the complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2); judgment was entered on May 3, 2013. (ECF Nos. 6 & 7.) However, on October 4, 2013, the Court granted Plaintiff's motion for relief from judgment, allowed Plaintiff to amend the complaint to assert an Eighth Amendment claim against Defendant Kevin Gray, M.D., for lack of adequate medical care, and directed that process be issued and served on Gray. (ECF No. 10.)

Plaintiff filed an amended complaint on January 30, 2014, alleging both Eighth Amendment claims and state law claims of medical malpractice. (ECF No. 23.)

On March 11, 2015, the Court issued an order that denied Plaintiff's objection to the Magistrate Judge's order partially granting Plaintiff's motion to compel discovery and granted the Defendant's motion for summary judgment. (ECF No. 61.)[1] In granting summary judgment, the Court found Plaintiff had made no showing that Defendant Gray acted with deliberate indifference to Plaintiff's serious medical needs. (*Id.* at 9-11.) The Court also determined that Plaintiff had failed to comply with the procedural requirements for bringing a medical malpractice claim under Tennessee law. (*Id.* at 11-12.) Judgment was entered on March 12, 2015. (ECF No. 62.)

On March 18, 2015, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (3). (ECF No. 63.) Plaintiff also filed a document on March 24, 2015, that purports to be both another response to the Defendant's previous motion for summary judgment and a cross motion for partial summary judgment. (ECF Nos. 64 & 65.) The Defendant filed responses to Plaintiff's motions on March 31, 2015. (ECF Nos. 66 & 67.)

Under Rule 60(b) "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] Plaintiff filed his original response to Defendant's motion for summary judgment on July 11, 2014. (ECF Nos. 38 & 39.) In his untimely objection to the Magistrate Judge's order compelling discovery (ECF No 58), Plaintiff did not request leave to file any additional response to Defendant's motion. He merely complained that he was given only five months in which to conduct discovery, whereas litigants in some other cases had been allowed longer periods. (*Id.* at 1-2.)

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Legal errors fall within the definition of "mistake" under Rule 60(b)(1). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). However, Rule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Moreover, in order to establish fraud that would justify relief under Rule 60(b)(3), Plaintiff must "show that the adverse party committed a deliberate act that adversely impacted the fairness" of the proceeding. *Info-Hold, Inc.*, 538 at 455 (quoting *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *6 (6th Cir. Sept. 17, 1996) (unpublished table decision)).

In the motion for relief from judgment, Plaintiff complains that the Defendant did not fully comply with the Magistrate Judge's order of January 13, 2015, directing that Plaintiff be provided with, *inter alia*, a copy of the logbook that recorded the arrival and departure times of the CJC's medical staff for December 18-21, 2011. Specifically, Plaintiff contends the pages of the logbook he was given were incomplete and were not for all of the four days he requested. As a result,

3

Plaintiff contends he was unable to refute Defendant's assertion that on December 18, 2011, the day of the assault, he was seen by a nurse who gave him an ice pack and scheduled him to see Defendant Gray the next day.

In his objection to the Magistrate's ruling (ECF No. 58), Plaintiff did not raise any issue regarding the sufficiency of the Defendant's discovery responses, even though he was actively attempting to obtain further information from Defendant at the time. (*See* ECF No. 63-2 (letters to Def.'s counsel dated February 2015). As stated, *supra*, note 1, Plaintiff contended merely that he had not been given sufficient time for discovery; he did not seek leave to file any further response to the motion for summary judgment.

In any event, even if Defendant's compliance with the order compelling discovery was insufficient, which he strongly denies, Plaintiff inability to produce evidence regarding whether and when various medical personnel were present at the CJC on December 18, 2011 was not a factor in the decision to grant summary judgment. The Court specifically acknowledged that Plaintiff disputed that he was seen by a nurse on the day of the assault. (ECF No. 61 at 9.) The Court also stated that Plaintiff's medical records did not reflect whether he was seen by a medical provider at that time. (*Id.* at 9 n.6.) The Court went on to find that, even if Plaintiff was not given medical treatment on the day of the assault, his medical records and the Defendant's affidavit established that he was treated by Defendant on December 19, 2011, the day after the assault. Defendant gave Plaintiff medication and sent him to an outside medical facility for x-rays. He was seen by the Defendant again on December 21, 2011, at which time Defendant determined that no further treatment was necessary. There was no evidence that Plaintiff sought any further treatment from Defendant after that date. (*Id.* at 9-10.)

The assertions in Plaintiff's motion for relief from judgment fall far short of the clear and convincing evidence needed to establish a deliberate act of fraud on the part of the Defendant that adversely impacted this case. Therefore, relief from the judgment is not warranted under Rule 60(b)(3). The Court also is not persuaded that a legal error was made that would justify relief under Rule 60(b)(1).

Plaintiff's motion for relief from judgment (ECF No. 63) is not well taken and is, therefore, DENIED. Plaintiff's cross motion for partial summary judgment (ECF No. 64) is untimely and inappropriate and is also DENIED. The Court again CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal by Plaintiff in this case would not be taken in good faith.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE